UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
:
ANGEL RODRIGUEZ, Individually and as the :
representative of a class of similarly situated persons, :
:
               Plaintiffs, : Case No. 20-cv-02806 (LDH)(PK)
:
   v. :
:
JRCIGARS.COM, INC., :
:
              Defendant. :
-------------------------------------------------------------------x

**JOINT STIPULATION FOR DISMISSAL OF ENTIRE ACTION WITH PREJUDICE PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii)**

Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, Plaintiff ANGEL RODRIGUEZ ("Plaintiff") and Defendant JRCigars.com, Inc. ("Defendant") stipulate and jointly request that this Court enter a dismissal with prejudice of Plaintiff's Complaint in the above-entitled action, in its entirety, with the Court to retain jurisdiction over the parties and the action until August __, 2022 for the sole purpose of enforcement of the parties' obligations under Section 2(B) of the parties' Confidential Settlement Agreement and Release of Claims.  Section 2(B) of the Confidential Settlement Agreement and Release of Claims reads as follows:

Defendant shall, within 24 months of the Effective Date, take commercially reasonable steps, subject to feasibility and undue expense, to cause those portions of the Website that are covered by Title III of the ADA to be in a condition or state that allows individuals with disabilities based on a visual impairment within the meaning of the ADA who use screen-reader software and web browsers to access the same information and engage in the same transactions with an ease of use substantially equivalent to that of a sighted person using the Website without screen-reader software ("ADA Compliant").  The Parties agree that "ADA Compliant" shall include achieving substantial conformance with the Web Content Accessibility Guidelines (WCAG) 2.0 ("WCAG 2.0") to the extent readily feasible or achievable, but that substantial conformance with WCAG 2.0 is neither the test for whether the Website is ADA Compliant under this Agreement, nor the sole method of finding that the Website is ADA Compliant.  Should the W3C publish a successor to WCAG 2.0, Defendant shall have, in its sole discretion, the option of substantially complying with that successor to be ADA Compliant.  Should Congress enact a law, the U.S. Department of Justice publish regulations or guidance, or the United States Supreme Court or any Circuit Court

of Appeals issue a ruling adopting a legal standard for website accessibility, Defendant shall have the additional option of being ADA Compliant by substantially complying with such legal standard, in its sole and absolute discretion. Notwithstanding the foregoing, Third-Party Content (as defined below) on such Website will not be required to be ADA Compliant. (The term "Third-Party Content" refers to web content that is not developed or owned by Defendant.) The Parties further agree that Defendant can link to Third-Party Websites and shall not be responsible or liable for the state of their accessibility to individuals with disabilities. In addition, Archived Web Content will not be required to be ADA Compliant. The term "Archived Web Content" refers to content (1) maintained exclusively for reference, research, or recordkeeping; (2) not altered or updated after the date of archiving; and (3) organized and stored in a dedicated area or areas clearly identified as being archived. If Defendant's ability to meet the deadline for compliance with this Section 2(B) is delayed by third-party vendors, acts of God, force majeure or other reasons that are outside of Defendant's control, the Parties' respective counsel shall meet and confer regarding an extended deadline.

Each party shall bear his or its own fees, costs and attorneys' expenses.

Respectfully submitted,

DATED: August 17, 2020

**SHAKED LAW GROUP, P.C.**

By: /s/ Dan Shaked
Dan Shaked, Esq.
14 Harwood Court, Suite 415
Scarsdale, New York 10583
Tel: 917.373.9128
ShakedLawGroup@gmail.com

*Attorneys for Plaintiff*

DATED: August 17, 2020

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

By: /s/ Erik D. Mass
Erik D. Mass, Esq.
599 Lexington Avenue, 17th Floor
New York, NY 10022
Tel: 212.492.2500
Fax: 212.492.2501
erik.mass@ogletreedeakins.com

*Attorneys for Defendant*

SO ORDERED:

**s/ LDH                 August 18, 2020**
_____
Honorable LaShann DeArcy Hall, U.S.D.J.

2